UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FRANK FRATELLO,

                            Petitioner,                       00 Civ. 3303 (GBD) (RLE)

        -against-                                     <u>ORDER</u>

JOHN MCGINNIS,
Superintendent of Downstate Correctional Facility
                            Respondent.
----------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

        Petitioner filed a writ of habeas corpus challenging his conviction, after a bench trial in Supreme Court, Bronx County, rendered on March 22, 1996, for one count each of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees. Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("Report") wherein he found that petitioner's claims are without merit. He recommended that the petition be denied in its entirety and that the action be dismissed with prejudice. In his report, Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Petitioner filed timely objections to the Report.

        In the Report, Magistrate Judge Ellis concluded that there was no merit to petitioner's claim that the trial court's preclusion of expert testimony, on the ability of the human eye to discern and define objects under different circumstances, was an unreasonable application of clearly established federal law that prevented him from presenting a meaningful defense in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments. Petitioner's claim that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt was also found to be without merit. In the alternative, petitioner requested that he be granted an

evidentiary hearing in order to explore the sufficiency of the evidence against him, which Magistrate Judge Ellis recommended should be denied.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. See Nelson v. Smoth, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd, 167 F.3d 618 (2d Cir. 1998). With respect to those portions of the Report to which petitioner did not specifically object, the Court finds that the record is not facially erroneous.

The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed.R.Civ.P. 72(b). It is not required however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may only be granted if the challenged decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on

a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result]." Williams v. Taylor, 529 U.S. 362, 405 (2000). A challenged decision is covered by the "unreasonable application" clause where "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The Court has examined petitioner's various objections and finds each of them to be without merit. Petitioner first asserts that the state court's exclusion of expert evidence deprived him of a fundamentally fair trial. Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983). The Supreme Court has not held that the exclusion of this type of expert testimony constitutes constitutional error. The trial court possesses discretion to reject such testimony under New York law, see People v. Mooney, 76 N.Y.2d 827 (1990), and federal courts have denied the introduction of similar expert testimony. See Washington v. Schriver, 255 F.3d 45, 59-60 (2d Cir. 2001). Petitioner was allowed to cross-examine the victim during the trial, and thus to elicit testimony about his ability to make the identification on the night of the crime. The trial court's decision to exclude the expert testimony was not objectively unreasonable.

Petitioner further contends that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt, specifically with respect to whether petitioner was the person who shot the victim. First, the victim's statement of identification, made shortly after the crime and while he feared for his life, was a clear example of an excited utterance. See Fed. R. Evid. 803(2). The victim was still under the stress of the event at the time the statements were made. The trial court's decision to admit the statement was not unreasonable under federal law.

Petitioner also argues that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" when viewing the evidence in the light most favorable to the prosecution.

Jackson v. Virginia, 443 U.S. 307, 324 (1979). On this issue petitioner has failed to carry the "very heavy burden" placed on him. Einaugler v. Supreme Court of State of N.Y., 109 F.3d 836, 840 (2d Cir. 1997). The trial court possessed a rational basis for crediting the victim's excited utterances and not his later recantations, see People v. Fratello, 92 N.Y.2d 565, 574-75 (1998), in part based on the additional testimony of two police detectives. Eyewitness testimony, credited by the trier of fact, is sufficient to support a conviction. See Tibbs v. Florida, 457 U.S. 31, 45, n.21 (1982). Considering all of the evidence collectively, a rational trier of fact could find petitioner guilty beyond a reasonable doubt based on the evidence presented.

Finally, petitioner alternatively contends that an evidentiary hearing should be held to explore the sufficiency of the evidence against him. The AEDPA restricts the ability of federal courts to order evidentiary hearings if the petitioner failed to exercise diligence developing the claim in state court. 28 U.S.C. § 2254(e)(2). However, even if petitioner had been diligent in state court, no evidentiary hearing will be held because no material evidence would be produced. See Channer v. Brooks, 320 F.3d 188, 199 (2d Cir. 2003) (declining to order evidentiary hearing where petitioner was diligent in state court because evidence produced would not be material). The expert testimony was reasonably excluded from trial, as discussed above, and petitioner had the opportunity at trial to cross-examine the victim about the accuracy of his identification at the time of the crime. Thus, an evidentiary hearing would not demonstrate that the expert testimony would have created "a reasonable doubt that did not otherwise exist." Washington, 255 F.3d at 56.

After reviewing the Report and petitioner's objections, the Court adopts the Report in its entirety. The petition is therefore dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253; <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d Cir. 1998); <u>United States v. Perez</u>, 129 F.3d 255, 259-260 (2d Cir. 1997); <u>Lozada v. United States</u>, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Dated: New York, New York
      October 4, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge